Matter of the Estate of FREDERICK MATTHIESSEN, Deceased.

(Surrogate's Court, New York County, November, 1919.)

Transfer tax — what subject to — real property — non-residents — Tax Law, § 220(2).

Under section 220(2) of the Tax Law prior to its amendment by chapter 626 of the Laws of 1919, real estate within this state owned by a non-resident at the time of his death, is subject to a transfer tax.

A contention that such real estate is taxable only if or as represented by stocks or bonds in corporations or companies described in said section, is untenable.

APPEAL from an order fixing the transfer tax.

Surrogate's Court, New York County, November, 1919. [Vol. 109.

Curtis, Mallett-Prevost & Colt (Thomas A. S. Beattie and Joseph F. McCloy, of counsel), for appellants.

Lafayette B. Gleason (Schuyler C. Carlton, of counsel), for state comptroller.

FOWLER, S.  This appeal is taken by the executors from the report of the transfer tax appraiser and the order fixing the tax on the ground that the real estate within the state of New York owned by decedent, who was a non-resident, was improperly included among the taxable assets of his estate.

It is contended by the appellants that subdivision 2, section 220, of the Tax Law, as it existed prior to its amendment by chapter 626 of the Laws of 1919, must be so construed as to exclude from its operation transfers of real property within the state of New York of a non-resident decedent.

The section referred to provides that in case the decedent is a non-resident a tax shall be imposed " when the transfer is by will or intestate law of tangible property within the state, or of any intangible property, if evidenced by or consisting of shares of stock, bonds, notes or other evidences of interest, in " certain classes of corporations or companies described in the section.  The appellants contend that the words " if evidenced by or consisting of " *et seq.* qualify or limit the words " tangible property within the state " as well as the words " of any intangible property," and that in consequence New York real estate is taxable only if or as represented by stocks or bonds in corporations or companies.

Section 243 of the Tax Law defines " tangible property " as used in the transfer tax article as " corporeal

property, such as real estate and goods, wares and merchandise," and states that it " shall not be taken to mean money, deposits in bank, shares of stock, bonds, notes, credits or evidences of an interest in property and evidences of debt." In the same section intangible property is defined as " incorporeal property, including money, deposits in bank, shares of stock, bonds, notes, credits, evidences of an interest in property and evidences of debt." The words " consisting of " used in subdivision 2 of section 220 are, in my opinion, intended to be synonymous with or explanatory of the preceding words " evidenced by " in the same section. Tangible property could not, under the definition in section 243, consist of shares of stock, bonds, notes, etc., which are expressly excluded from the classification of tangible property, so that the qualification in section 220 must apply solely to intangible property.

The real estate of the decedent was properly included by the appraiser among the taxable assets. The order fixing tax is affirmed.

Order affirmed.